444 F.2d 393
 77 L.R.R.M. (BNA) 2883, 65 Lab.Cas. P 11,838
 John SHERIDAN et al., Plaintiffs-Appellants,
v.
LIQUOR SALESMEN'S UNION, LOCAL 2, D.R.W. AND A.W.I.U.A.,
AFLCIO, et al., Defendants-Appellees.
LIQUOR SALESMEN'S UNION, LOCAL 2, D.R.W. & A.W.I.U.A.,
AFL-CIO, Defendant and Third-Party Plaintiff-Appellee,
v.
AUSTIN NICHOLS & CO., Inc., et al., Third-Party Defendants-Appellees.
 No. 999, Docket 71-1228.
 United States Court of Appeals, Second Circuit.
 Argued May 25, 1971.
Decided June 18, 1971.
 
 Godfrey P. Schmidt, New York City, for plaintiffs-appellants.
 Andrew T. McEvoy, Jr., New York City (Schulman, Abarbanel, Perkel & McEvoy and Bertram Perkel, New York City, on the brief), for defendants-appellees.
 Joel Buchman New York City (Buchman * Buchman and William J. Poltarak, New York City, on the brief), for third-party defendants-appellees.
 Before KAUFMAN, ANDERSON and MANSFIELD,* Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants, as members of Liquor Salesmen's Union Local No. 2 ('Union'), brought suit in June 1969 against it and its officers for breach of the duty of fair representation, Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). They appeal from an order of the district court staying proceedings in their action pending arbitration of the Union's third-party claims against certain of plaintiffs' employers and directing plaintiffs to participate in an arbitration of such claims. The order also refused to compel the third-party defendants ('Employers') to answer interrogatories, stayed the taking of depositions, denied plaintiffs' motion to compel the Union to answer interrogatories, and denied plaintiffs' leave to amend their complaint to add the Employers as defendants in the main action.
 
 
 2
 The order is reversed to the extent that it stays plaintiffs from prosecuting their suit and directs plaintiffs to join in the arbitration of the thirdparty claims. Since our jurisdiction pursuant to 28 U.S.C. 1292(a) is limited to such interlocutory injunctive relief, Hurwitz v. Directors Guild of America, Inc., 364 F.2d 67 (2d Cir.), cert. denied, 385 U.S. 971, 87 S.Ct. 508, 17 L.Ed.2d 435 (1966), we remand the balance of the order to the district court for reconsideration in the light of our ruling as to injunctive relief.
 
 
 3
 Plaintiffs are liquor salesmen employed by the Employers, who are distributors of alcoholic beverages, with whom the Union, as plaintiffs' collective bargaining agent, negotiated an agreement governing the terms of plaintiffs' employment. The gist of plaintiffs' action is that from November 1956 to date the Union and its officers have failed to enforce against the Employers a provision of the agreement (Par. VI(d)) requiring Employers to compute commissions payable to plaintiffs upon the 'list' price of the liquor items sold by plaintiffs rather than on the lower 'post-off' or discount prices sometimes used to promote greater sales. As a result, plaintiffs claim, they have been short-changed in the sum of $960,000 which they seek as damages.
 
 
 4
 The Union denies under-payment of commissions and asserts as a separate defense that plaintiffs are barred from recovery of most of the damages sought by Par. VII(d) of the agreement, which provides that unless a salesman, within 30 days after receipt of inadequate compensation, reports in writing to the Union a violation by the Employer of its obligation to pay compensation due under the agreement the salesman is precluded from claiming the additional compensation asserted to be due.
 
 
 5
 After failing, upon a Rule 21 F.R.Civ.P. motion, to compel plaintiffs to join the Employers as 'indispensible parties' in the main action the Union, apparently with plaintiffs' consent, brought a third-party suit against the Employers, alleging violations of Par. VI(d) of the bargaining agreement. On September 2, 1970, Judge Frankel granted the Employer's motion to compel arbitration of the Union's claims against them and to stay prosecution of the third-party action pending such arbitration. Thereupon the Union's motion to stay plaintiffs' main action pending arbitration of the third-party claim was granted by Judge Ryan, who pointed out in his decision that plaintiffs are 'apparently' bound by the 30-day limitation of the collective bargaining agreement and that since arbitration of the third-party claim is intended for plaintiffs' benefit and raises 'identical' issues both proceedings (the main action and arbitration of the third-party claim) should not be permitted to proceed simultaneously.
 
 
 6
 Although both proceedings do raise some identical issues (e.g., whether the Employers computed commissions on the basis of 'post-off' rather than 'list' prices) and an arbitration award in favor of the Union might reduce plaintiffs' claims accordingly, plaintiffs' suit presents important issues which are not arbitrable and would not be resolved in the third-party action. Foremost among these is the question of whether the Union has been guilty of unfair representation in failing to enforce Par. VI(d) of the collective bargaining agreement. In this connection plaintiffs allege that Par. VII(d) (the 30-day limitation) represents a 'sweetheart' arrangement between the Union and Employers designed to defraud plaintiffs of commissions due them.[1] Plaintiffs further contend that the Union and the Employers would not arbitrate in good faith but would seek to defeat plaintiffs' claims or to minimize the amount of damages recoverable for plaintiffs' benefit. The Union denies these claims and we of course express no views as to the merits. However, in view of these claims plaintiffs should not be compelled to arbitrate.
 
 
 7
 'But where the employee's case is based upon a conspiracy between his union and his employer to deprive him of his rights he cannot be forced to submit that issue to an arbitration between the employer and the union. Such a procedure would fail completely to settle the issues between the union member and his union. It would entrust representation of the employee to the very union which he claims refused him fair representation, and it would present as adversaries in the arbitration procedure the two parties who, the employee claims, are joined in a conspiracy to defraud him.' (Hiller v. Liquor Salesmen's Union Local No. 2, 338 F.2d 778, 779 (2d Cir. 1964).)
 
 
 8
 Plaintiffs' predicament is due in great measure to their own inconsistencies in the prosecution of their Vacatype action. After filing with the Union a grievance seeking arbitration of their claim for additional commissions, they commenced the lawsuit against the Union. After successfully opposing joinder of the Employers as indispensible parties they sought joinder of the Employers; and after indicating willingness to participate in a joint arbitration of plaintiffs' claims, plaintiffs insisted on having their claims adjudicated by the court. It further appears that plaintiffs, after seeking the Union's cooperation in the prosecution of their coaims against the Employers, refused to turn over to the Union important records and evidence needed by the Union to prosecute the claims. In view of this background, although we reverse the interlocutory stay, we do so on condition that plaintiffs make available to the Union and Employers all evidence in plaintiffs' control needed for prosecution of the pending arbitration.
 
 
 
 *
 Of the United States District Court, Southern District of New York, sitting by designation, when argument was heard
 
 
 [1]
 We do not view Judge Murphy's earlier decision denying the Union's motion to join the Employers as precluding plaintiffs from asserting these claims against the Union and Employers, since he was not faced with the claim that Par. VII(d) of the agreement represented a 'sweetheart' arrangement between the Union and the Employers